**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TONY LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | 09 CV 4612 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Rebecca R. Pallmeyer |
| THOMAS DART, in his capacity as Sheriff of Cook County, DR. R., LEDVORA, DR. C. ZAWITZ, MANISH PATEL, BARBARA DAVIS, OFFICER VALEDMAR RAMOS, OFFICER E. VILLARREAL, MS. G. MAEWEATHER, CYNTHIA JONES, KIMBERLY COOPER, ANDREW DEFUNIAK, JANET WATTS, DR. C. COLVARD, CALVIN FLOWERS, JOHN DOE EMPLOYEES OF THE COOK COUNTY DEPARTMENT OF CORRECTIONS AND CERMAK HEALTH SERVICES 1-50, and COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants Dr. R. Ledvora, Dr. C. Zawitz, Manisha Patel, Barbara Davis, Ms. G. Maeweather, Cynthia Jones, Kimberly Cooper, Andrew DeFuniak, Janet Watts, Dr. C. Colvard, Calvin Flowers, by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK S. SMITH, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff brings this action pursuant to Section 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need in violation of the Fourteenth Amendment's Due Process clause. Plaintiff alleges that Defendants, doctors and medical personnel, at Cook County Department of Corrections ("CCDOC"), repeatedly failed to treat his knee injury, provide him with a knee brace, and a cane. Plaintiff contends that this failure amounted to deliberate indifference to his alleged knee injury. Plaintiff additionally alleges that Defendants failed to provide him with insulin for his diabetes and that this failure amounted to deliberate indifference to Plaintiff's serious medical need.

## STANDARD OF REVIEW

When evaluating a motion to dismiss the court accepts a complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) (citations omitted). The complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise the possibility of relief above a "speculative level." *Twombly*, 550 U.S. at 555. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). This means a plaintiff must plead more than recitals of the elements of a cause of action. *See Ashcroft*, 129 S. Ct. at 1949-1950. Judges are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The Seventh Circuit has denounced plaintiffs who simply recite statutory language of the claims they are pleading and do not provide any specific facts to ground those legal claims. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Additionally, a

plaintiff can "unwittingly plead himself out of court by asserting facts that preclude relief." *White v. Monohan*, 326 Fed. Appx. 385, 387 (7th Cir. 2009).

## ARGUMENT

I. **Plaintiff fails to allege any wrongdoing by Doctors Ledvora, Zawitz, Colvard, and Flowers, or any wrongdoing by Physician's Assistants Patel, Davis, Maeweather, Jones, Cooper, DeFuniak, and Watts.**

Plaintiff's Third Amended Complaint contains no allegations of wrongdoing by Dr. Ledvora, Dr. Zawitz, Dr. Colvard, Dr. Flowers, Physician's Assistant Patel, Physician's Assistant Davis, Physician's Assistant Maeweather, Physician's Assistant Jones, Physician's Assistant Cooper, Physician's Assistant DeFuniak, and Physician's Assistant Watts ("Medical Defendants"), let alone allegations that would support a finding of deliberate indifference. Below is a summary of the allegations against each defendant.

<u>Involvement of Physician's Assistants Davis, Maeweather, Jones, Cooper and Watts</u>: Plaintiff's Third Amended Complaint alleges that Defendants Davis, Maeweather, Jones, Cooper, and Watts were physician's assistants employed with "CCDOC or Cermak"[1], that he sought treatment from them, and that they were deliberately indifferent. Plaintiff does not allege that the defendants took or failed to take any specific actions that would amount to a conscious disregard for his alleged knee injury or diabetic condition.

<u>Involvement of Dr. Colvard, and Dr. Ledvora</u>: Similarly, Plaintiff alleges that Dr. Colvard and Dr. Ledvora were physicians employed with "CCDOC or Cermak," that he sought treatment from Dr. Colvard and Dr. Ledvora, and that they were deliberately indifferent to his medical needs. Again, Plaintiff provides no examples of actions or inactions by either defendant that could amount to an intentional disregard for his alleged medical conditions.

---

[1] Plaintiff uses the language employed with "CCDOC or Cermak" throughout his Third Amended Complaint; however, this motion only addresses the Medical Defendants.

3

<u>Involvement of Dr. Flowers and Physician's Assistant DeFuniak</u>: Plaintiff alleges that Dr. Flowers was a physician and Defendant DeFuniak was a physician's assistant. Both were employed with "CCDOC or Cermak." Plaintiff alleges that after June 14, 2009 he saw Dr. Flowers and Defendant DeFuniak 1 to 2 times per month for 2 months regarding his knee injury. Plaintiff additionally alleges that he sought treatment from Dr. Flowers and Defendant DeFuniak, but that they were deliberately indifferent to his medical condition.

<u>Involvement of Physician's Assistant Manisha Patel</u>: Plaintiff alleges that Defendant Patel was a physician's assistant employed at "CCDOC or Cermak." Plaintiff contends that during intake at CCDOC on March 12, 2009, Defendant Patel confiscated his knee brace and cane, and that she took an x-ray of his knee. However, Plaintiff says that he received no treatment for his knee. Plaintiff further states that he told Defendant Patel that he was insulin-dependent. However, he alleges that did not receive his insulin for 11 days while at CCDOC. These are not allegations that Defendant Patel did anything wrong, let alone allegations supporting Plaintiff's assertion that Defendant Patel intentionally disregarded his alleged knee injury or diabetic condition.

<u>Involvement of Dr. Zawitz</u>: Dr. Zawitz is a physician at "CCDOC or Cermak." Dr. Zawitz recommended that Plaintiff attend physical therapy for his knee injury once per week around September 2009. Dr. Zawitz saw Plaintiff again on November 9, 2009. At that time, Dr. Zawitz reviewed previous x-rays of Plaintiff's knee, advised Plaintiff that his knee was deteriorating, and recommended that Plaintiff have surgery. Plaintiff alleges that Dr. Zawitz's failure to ensure that he received surgery for his knee amounted to deliberate indifference.

Even if the allegations above could give rise to an inference of wrongdoing by the Medical Defendants, they clearly do not rise to the level of deliberate indifference. Under the

4

Fourteenth Amendment pretrial detainees have a right to adequate medical care, and this right is evaluated under the same standard as Eighth Amendment deliberate indifference claims. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (citing *Thomas v. Cook County Sheriff's Dep't*, 588 F.3d 445, 452 n. 1 (7th Cir. 2009)). To establish a claim for deliberate indifference, Plaintiff must show (1) that he suffers from an objectively serious medical condition and (2) that the defendant was subjectively aware of and consciously disregarded his medical need. *Minix*, 597 F.3d at 831 (7th Cir. 2010) (quoting *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)). Plaintiff must show more than negligence in his medical care to prove a deliberate indifference claim. *See Snipes v. Ehrhardt*, 95 F.3d 586, 591 (7th Cir. 1996) ("Mere negligence and even gross negligence does not constitute deliberate indifference.") (citations omitted). Additionally, an individual must have caused or participated in the alleged constitutional deprivation to be liable under Section 1983. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Plaintiff's allegations cannot plausibly support a claim that the Medical Defendants knew of Plaintiff's serious medical condition and *consciously* disregarded that risk. Plaintiff's Third Amended Complaint only provides vague allegations and legal conclusions, which are not grounded in any specific facts. Although the exact allegations against each of the Medical Defendants vary, each of the Medical Defendants is similarly situated in that the Plaintiff has not alleged any actions or inactions by the Medical Defendants that sufficiently demonstrate deliberate indifference. Allegations that Plaintiff sought treatment from the Medical Defendants and that the Medical Defendants were deliberately indifferent is not enough to put each of them on notice of what actions allegedly violated Plaintiff's constitutional rights. In fact, all of the allegations merely recite the elements of a deliberate indifference claim. Plaintiff's Third Amended Complaint rests on conclusions that the Medical Defendants were deliberately

indifferent without providing any factual allegations. The Court is not required to accept as true legal conclusions couched as factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff's claim only contains vague allegations amounting to legal conclusions, Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted, and the Court should dismiss his complaint against the Medical Defendants.

## CONCLUSION

WHEREFORE, this Court should dismiss, with prejudice, Plaintiff's Third Amended Complaint with respect to Defendants Dr. R. Ledvora, Dr. C. Zawitz, Manisha Patel, Barbara Davis, Ms. G. Maeweather, Cynthia Jones, Kimberly Cooper, Andrew DeFuniak, Janet Watts, Dr. C. Colvard, and Dr. Calvin Flowers because it fails to state a claim upon which relief can be granted. Defendants pray that this court enter an order granting the above requests and award any relief this court deems fair and just.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422